IRWIN v. MINDE.

1. DRAINS—RIGHT OF WAY—GRANT—PUMPS—SETTLING TANKS.
   Grant of right of way 26 feet each way from center line of a drain after its completion, in absence of restriction, raises presumption that grant included authority to build such drain as law permitted and proper officers determined advisable, including pumps and settling tanks (1 Comp. Laws 1929, § 4839).

2. SAME—MORTGAGES—ESTOPPEL.
   Mortgagees who granted right of way across mortgaged land for a closed drain, stood by without objection and saw construction of pumps and settling tanks, authorized by mortgagor, held, estopped after foreclosure to deny such construction was within the grant (1 Comp. Laws 1929, § 4839).

3. SAME—SEWERS—FINDING OF COURT—NUISANCES—DAMAGES.
   In suit by county drain commissioner to enjoin interference with operation of drain constructed, not only for removal of surface water but also to carry sewage, record held, to amply sustain finding of improper operation, that sewage and flood waters have been cast upon lands of defendants and that they are entitled to correction of nuisance and damages.

4. SAME—INJUNCTION—ESTOPPEL.
   County drain commissioner held, entitled to injunction against property owners from interference with repair or operation of structures housing pumps and settling tanks, erected on right of way of drain and sewage project, where such owners were estopped from complaining of erection of such structures.

5. APPEAL AND ERROR—REMAND—JURISDICTION TO ENFORCE DECREE.
   In proceedings to enjoin interference with structures erected incident to closed drain and sewage project, in which removal of structures was prayed by cross-bill, where decree for defendants on cross-bill is modified to enjoin interference with such structures and case remanded to circuit court for enforcement, jurisdiction is granted such court to grant such modifications as to correction of improper conditions as circumstances render proper and to determine damages.

Appeal from Macomb; Spier (James E.), J.  Submitted June 12, 1936.  (Docket No. 3, Calendar No. 38,719.)  Decided September 2, 1936.

Bill by Edward M. Irwin, Macomb county drain commissioner, against Albert Minde, Charles Minde and Minnie Minde to enjoin interference with the operation of a drain and other relief.  Cross-bill by defendants against plaintiff to enjoin operation of the drain, for the removal of the drain and other relief. From decree rendered, plaintiff appeals. Modified and affirmed.

*Roy M. McKinstry,* Prosecuting Attorney, and *Don D. Williams,* Assistant Prosecuting Attorney, for plaintiff.

*Maurice R. Myers,* for defendants.

FEAD, J.  In 1926 defendants sold 44 acres in Macomb county to Max Ramm, on contract, for $88,000, of which $10,000 was paid down, excepting and reserving, however, one acre which they used as a home.  In 1928 proceedings were taken to locate a drain across the premises.  In 1929 Ramm executed to the drain commissioner a release of right of way and of damages.  Defendants did not execute a release, claiming the contract was in default.  Much litigation ensued, including review of the drain proceedings by defendants by certiorari to circuit court, in which they were defeated, and took an appeal. Later in 1929 Ramm paid the contract down to $50,000, and, in accordance therewith, defendants gave him a deed and took back a mortgage.  Thereupon all the litigation was dismissed, including the appeal in the certiorari proceedings.  Also, in connection therewith, defendants executed to the county

of Macomb a grant of right of way "for a closed drain." The grant provided that, after completion of the drain, 26 feet on both sides of the center line of the drain would be understood as remaining in force.

The drain commissioner built a pump house, dug a pump well, installed pumps and motors and constructed settling tanks on the right of way, all of which were apparent and visible. Defendants attempt to disclaim contemporaneous knowledge of them, claiming they refused to look, on advice of counsel, but they were in plain sight of the operation, and the record is convincing that they stood by and saw the construction without objection.

After the drain was put in operation, defendants foreclosed the mortgage by advertisement, bid in the property, and their deed became operative on August 15, 1932.

After reacquiring the title on foreclosure, defendants began to make trouble. At the point of a gun they prevented drain officers and employees from going on the land and operating and keeping in repair the structures and equipment.

This is an action by the drain commissioner to enjoin defendants from interfering with his going on the premises to maintain and operate the drain. Defendants filed cross-bill, asking removal of the buildings and equipment and damages.

Defendants claim the grant of the right of way did not include the authority to erect and maintain the pump and settling equipment and devices. The court so held.

At the time defendants conveyed the easement the word "drain" had been declared by statute, 1 Comp. Laws 1929, § 4839, to include structures, mechanical devices, pumping equipment, etc. The fact that the

grant included 26 feet on each side of the center line of the drain indicates that defendants understood there would be need for more land than the drain pipe itself used. It is presumed that such a grant of right of way, unless otherwise restricted, would include authority to build such drain as the law permitted and the proper officers determined advisable. When the structures were built, Ramm was owner of the land and had authorized the construction. Defendants had stood by and seen it done without objection. Aside from the strict legal effect of any of these circumstances, taken together they raise an estoppel against defendants' denying that the construction was within the grant.

It also appears that the drain was constructed, not merely for the removal of surface water but in connection with a subdivision project and to carry sewage from houses. The court found, and the record amply sustains the finding, that the drain has not been properly operated and that sewage and flood waters are cast upon the land of defendants.

The court granted preliminary injunction restraining defendants from molesting the drain commissioner and his employees and from destroying the plant. The decree adjudged that defendants' grant did not authorize structures above the surface, pumps or settling apparatus; required removal of the pump house, pumping equipment and settling tank; required plaintiff to repair and refill all dangerous holes and other surface conditions; permanently enjoined plaintiff from constructing, maintaining or operating any buildings, pumping equipment, settling tanks, purifying apparatus; enjoined the continuance of certain nuisance conditions; and authorized application for damages resulting therefrom.

Our opinion that defendants may not complain of the buildings and apparatus requires that the decree be modified. Plaintiff is entitled to decree enjoining defendants from interfering with repair and operation of the drain and equipment. Defendants are entitled to decree requiring correction of nuisance conditions or dangerous or serious surface conditions within a reasonable time and to award of such damages for maintenance of nuisance as they may prove on hearing thereon.

The decree will be modified in accordance with this opinion, and the case remanded to the circuit court in chancery for enforcement of the decree, with jurisdiction to grant such modifications as to the correction of improper conditions as circumstances may render proper and to hear and determine damages. Plaintiff will have costs.

WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred.

NORTH, C. J. I concur on ground of estoppel.

POTTER, J., did not sit.