JOSEPH FERRONE *vs.* MARY F. ROSSI.

Norfolk. April 8, 1942. — May 28, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Equity Jurisdiction*, Trespass, Laches. *Trespass. Equity Pleading and Practice*, Master: findings. *Laches.*

A conclusion by a master in a suit in equity that the plaintiff had consented to the construction of a retaining wall encroaching somewhat upon his land was not inconsistent with subsidiary findings that the wall was apparently beneficial to the plaintiff's land, which was higher than the adjacent land of the defendant, and that, at the time the defendant built the wall, the plaintiff called his attention to such encroachment but, their relations being friendly, did nothing further respecting it until four years later, when their relations had become strained.

A landowner, who, knowing that a retaining wall being erected by the owner of adjacent land encroached somewhat over the boundary line, nevertheless consented to its erection, was precluded from maintaining a suit in equity, begun some years later, seeking a mandatory injunction for the removal of the wall from his land.

A conclusion that an inexcusable delay of three years constituted laches barring a suit in equity for a mandatory injunction requiring the removal of encroachments upon land of the plaintiff was not proper where it did not appear that the defendant had been induced to maintain the encroachments by the plaintiff's delay or had been prejudiced or harmed by the delay.

A plaintiff was not precluded from maintaining a suit in equity seeking a mandatory injunction for the removal of slight encroachments of a building of the defendant upon his land merely by the facts that the defendant had acted in good faith in erecting the building, that the encroachments caused little or no damage to the plaintiff, and that the cost of their removal was disproportionate to the benefit that might accrue to the plaintiff from their removal.

BILL IN EQUITY, filed in the Superior Court on May 10, 1940.

An interlocutory decree was entered by order of *Good*, J., and a final decree by order of *Dowd*, J.

*P. T. Smith*, for the plaintiff.

*F. D. McCarthy*, for the defendant, submitted a brief.

RONAN, J. The plaintiff brought this bill for a manda-

tory injunction to require the defendant to remove certain structures which the defendant has placed and maintained upon the plaintiff's premises. The plaintiff appealed from an interlocutory decree overruling his exceptions to a master's report and confirming the report, and from a final decree dismissing the bill.

The following facts have been found by the master. The defendant's premises are bounded on the northeasterly and northwesterly sides by the plaintiff's land. The defendant's building does not extend over the northwesterly boundary although the awnings when lowered extend a short distance over the plaintiff's property. The position of two or three fence posts, which the defendant had erected in 1935 on her property, have become changed by natural causes and are now located three inches over the defendant's northwesterly boundary. On the northeasterly or rear line of the defendant's land the main building extends over the plaintiff's land one inch for the distance of nine feet, and the ell of this building extends over the rear boundary for its entire length of nine feet, for a distance of eleven inches at its southerly end and for a distance of six inches at its northerly end. The northeasterly corner of the eaves of the main building projects over the boundary line for two inches. The easterly portion of a small shed, four feet and nine inches in length, projects over the plaintiff's property thirteen inches at its northerly corner and nine inches at its southerly corner. The defendant, in 1934, built a concrete retaining wall, a part of which extends over the rear boundary, and the two abutments supporting the wall are located entirely upon the plaintiff's land. The plaintiff told the defendant while the wall was being constructed that the wall "was wrong." He said nothing more and took no steps to prevent its erection. The defendant acted in good faith and without any wrongful intent in locating the wall. The plaintiff's land adjacent to the defendant's parcel is vacant and is not suited for cultivation or pasturage and is of little or no value. The location of the existing wall could not be changed without destroying it, and the cost of relocation would be entirely out of proportion to

the benefit, if any, that would accrue to the plaintiff. The master further found that the damage to the plaintiff's land by the encroachment of the defendant's building is trifling and that the defendant had not trespassed upon the plaintiff's land in putting on screens and double windows or in performing other acts incidental to the maintenance of her property. He also found that the plaintiff acquiesced in the construction of the wall. He further found that there was no excuse for the delay of the plaintiff in enforcing his rights and that the plaintiff was guilty of laches.

It is the general rule in this Commonwealth that the owner of land is entitled to a mandatory injunction to require the removal of buildings and structures that have been unlawfully placed upon his land, and the fact that the plaintiff has suffered little or no damage on account of the offending buildings or structures, or that the wrongdoer was acting in good faith, or that the cost of removing the building or structure will be greatly disproportionate to the benefit to the plaintiff resulting from their removal is ordinarily no bar to the granting of injunctive relief. *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 109. *Westhampton Reservoir Recreation Corp.* v. *Hodder*, 307 Mass. 288, 290. A continuing trespass wrongfully interferes with the legal rights of the owner, and in the usual case those rights cannot be adequately protected except by an injunction which will eliminate the trespass. The rule does not apply in those exceptional cases where the substantial rights of the landowner may be properly safeguarded without recourse to an injunction which in such cases would operate oppressively and inequitably. *Gray* v. *Howell*, 292 Mass. 400, 403, 404. *Triulzi* v. *Costa*, 296 Mass. 24, 28.

The plaintiff's land adjoining the defendant's rear boundary is higher than that of the defendant, and prior to 1934 some old railroad ties had been used to furnish lateral support for the plaintiff's land. The defendant, in 1934, removed these ties and built a concrete wall some parts of which are located upon the plaintiff's premises. The dimensions of the area that it occupies upon the plaintiff's land

are not shown by the report. It is true that while this wall was being constructed the defendant was informed by the plaintiff that the wall was on his land, but he neither said nor did anything more about it until 1938, after relations between the defendant and himself became strained, when he had a surveyor locate the two boundary lines of the defendant's parcel that adjoin his property. The attitude of the plaintiff with reference to the wall must be considered together with the other facts contained in the master's report. We do not know what evidence was heard by him, but in view of the friendly relations existing between the parties at the time the wall was erected, the benefit which apparently accrued to the plaintiff from the construction of a concrete wall, the nature, character and low value of his land, the extent that the wall was placed upon his land, and the facts that his land was vacant and that the relations between the parties continued unaffected by the building of the wall, we are led to the conclusion that, notwithstanding the statement made to the defendant by the plaintiff that the wall was improperly located, there was no error in the conclusion of the master that the plaintiff acquiesced in the construction of the wall in its present location. This finding of the master does not purport to be based upon his subsidiary findings alone, and, the evidence being unreported, we must accept the finding as true since it is not inconsistent with the subsidiary findings. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431. *Zak* v. *Zak*, 305 Mass. 194.

The site of the wall might not have been entirely satisfactory to the plaintiff but if, for considerations best known to himself, he assented to the completion of the wall, he is not entitled, years after its erection, to secure an injunction for its removal and to impose a burden upon the defendant of destroying this wall and of building a new one in order to prevent the plaintiff's land from being washed down upon her premises. Furthermore, the plaintiff cannot complain that the wall constitutes a trespass upon his property when it is plain from the master's report that he consented to its construction. The plaintiff shows no right to have

the wall removed. *Shattuck* v. *Gragg*, 23 Pick. 88. *Richmond* v. *Fisk*, 160 Mass. 34. *Lajoie* v. *Milliken*, 242 Mass. 508. *Tenney* v. *Reed*, 262 Mass. 335. *Weis* v. *Cox*, 205 Ind. 43. *Irwin* v. *Minde*, 276 Mich. 616. *Sharpless* v. *Boldt*, 218 Penn. St. 372. Am. Law Inst. Restatement: Torts, § 167.

The question remains whether the plaintiff is prevented by laches from securing relief on account of the encroachments other than the wall. This was an affirmative defence with the burden of proof resting upon the defendant. *Alvord* v. *Bicknell*, 280 Mass. 567. *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111. The plaintiff might have regarded the erection of the wall of minor consequence, but this would not preclude him from objecting to other subsequent and independent trespasses committed by the erection and maintenance of other structures over and upon his land. *Fortier* v. *H. P. Hood & Sons, Inc.* 307 Mass. 292, 301. *Love* v. *Atchison, Topeka & Santa Fe Railway*, 185 Fed. 321, 332. *Bankart* v. *Houghton*, 27 Beav. 425. *Western* v. *MacDermott*, L. R. 2 Ch. 72. The plaintiff is the owner of the fee and is seeking equitable relief for the protection of a legal right. He could bring successive actions for damages. But he does not seek damages. Mere delay to enforce such a right will not ordinarily bar injunctive relief unless it has continued for such a period and in such circumstances as to destroy the right itself. *Ayres* v. *Waite*, 10 Cush. 72. *Moore* v. *Dick*, 187 Mass. 207. *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448. *Cohen* v. *Bailly*, 266 Mass. 39. *Albano* v. *Puopolo*, 309 Mass. 501. *McLean* v. *Fleming*, 96 U. S. 245. *Menendez* v. *Holt*, 128 U. S. 514. *Uline* v. *New York Central & Hudson River Railroad*, 101 N. Y. 98. *Galway* v. *Metropolitan Elevated Railway*, 128 N. Y. 132. *Ackerman* v. *True*, 175 N. Y. 353.

An ultimate finding of a master which purports to be based upon subsidiary findings is open to revision on appeal not only so far as it involves a ruling of law but also in so far as it involves a matter of fact, and the conclusion drawn as an inference from such findings by the master or by the judge carries no weight here. *Robert* v. *Perron*, 269 Mass.

537. *Hannah* v. *Frawley*, 285 Mass. 28. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431. *Levy* v. *Levy*, 309 Mass. 486.

The master found that the plaintiff acquiesced in the construction of the wall and "that there is no excuse for the delay on the part of the plaintiff in enforcing his rights to have the encroaching or overhanging structures removed, and that the plaintiff is guilty of laches." We construe this finding of laches in the light of the other findings to be based upon inexcusable delay by the plaintiff. *Cohen* v. *Bailly*, 266 Mass. 39, 43. *Westhampton Reservoir Recreation Corp.* v. *Hodder*, 307 Mass. 288. The plaintiff consented to the erection of the retaining wall but he did not consent to the various other encroachments set forth in the report. As to them, inactivity to secure their removal, where, as here, there is no showing that the defendant has been induced by the plaintiff's delay to maintain these trespasses or that she has been prejudiced or harmed in any way by the delay, is insufficient to support the defence of laches. The defendant cannot complain of a delay not extending beyond the time limited by statute for bringing suit, even if inexcusable, if it did not work to her disadvantage.[1] There was error in this general finding of the master in so far as it related to encroachments other than the wall. The plaintiff's first and fifth exceptions to the master's report in so far as they relate to such encroachments should have been sustained, and the report as so modified confirmed. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52. *Fenton* v. *Malfas*, 286 Mass. 339. *Shea* v. *Shea*, 296 Mass. 143. *Westhampton Reservoir Recreation Corp.* v. *Hodder*, 307 Mass. 288. *Albano* v. *Puopolo*, 309 Mass. 501.

The defendant has not shown any license, permit, authority or justification whatever for maintaining any of these structures other than the wall over and upon the plaintiff's land, and the plaintiff is entitled to a decree ordering their removal within a time to be fixed by the

---

[1] The plaintiff averred in his bill and the defendant admitted in her answer that her building was erected in 1937. — REPORTER.

Superior Court, even though his land is of little value and the expense incurred by removal is disproportionate to the benefit that might thereby accrue to him. *Smith* v. *Smith*, 110 Mass. 302. *Harrington* v. *McCarthy*, 169 Mass. 492. *Kershishian* v. *Johnson*, 210 Mass. 135. *Szathmary* v. *Boston & Albany Railroad*, 214 Mass. 42. *Congregation Beth Israel* v. *Heller*, 231 Mass. 527. *Marcus* v. *Brody*, 254 Mass. 152. *Crosby* v. *Blomerth*, 258 Mass. 221. *Tyler* v. *Haverhill*, 272 Mass. 313. *Geragosian* v. *Union Realty Co.* 289 Mass. 104. *McCarthy* v. *Lane*, 301 Mass. 125. *Westhampton Reservoir Recreation Corp.* v. *Hodder*, 307 Mass. 288.

The interlocutory decree is to be modified by confirming the report of the master as changed as above stated. The final decree must be reversed and a new decree is to be entered in accordance with this opinion, with costs to the plaintiff.

*Ordered accordingly.*