Louisa Scioscia & another *vs.* Giuseppe Iovieno & another.

Worcester.    September 25, 1945. — October 31, 1945.

Present: Field, C.J., Qua, Ronan, Wilkins, & Spalding, JJ.

*Real Property*, License, Trespass.  *License.  Trespass.  Equity Jurisdic-
tion*, Laches, Trespass.  *Laches.*

Facts appearing in a suit between owners of adjacent parcels of land,
that a former owner of both parcels, after the defendant had received
title from him to one of them, had given the defendant permission to
maintain clothes reels extending over the other parcel, which the former
owner three years later had conveyed to the plaintiff; that the plaintiff
for fourteen years after he acquired title had orally consented to and
acquiesced in such maintenance; and that the plaintiff had not been
damaged by such maintenance, did not show that the plaintiff was
precluded from withdrawing the consent, nor bar him from relief by
injunction of such maintenance as a continuing trespass; the plain-
tiff was not guilty of laches.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated June 18, 1942.

The case was heard by *Leary*, J.

In this court the case was submitted on briefs.

*H. H. Hartwell & J. F. Driscoll*, for the plaintiffs.

*Nicholas Fusaro & Nunziato Fusaro*, for the defendants.

RONAN, J.   These are appeals by both parties from an interlocutory decree confirming a master's report as modified by sustaining one of the plaintiffs' exceptions to the report, and from a final decree enjoining the defendants from maintaining and permitting clothes reels to extend over land of the plaintiffs.

The facts appear in the report of the master.  One Marshall and his wife conveyed a parcel of land to the defendants in 1924 and an adjoining parcel to the plaintiffs in 1927.  A three-family house was located upon the premises of the defendants at the time of the purchase, and since that time the defendants have maintained a clothes reel from the rear of the second-story piazza and also another from the third-story piazza, except for a time in 1929 when the old reels were removed and replaced by two new ones. When these reels are in use they extend over the plaintiffs' property for a distance of two feet three inches, but when not in use they are not located over the plaintiffs' land. Just prior to the purchase by the defendants they discovered that the reels when swung out from the piazzas extended over the adjoining land then owned by the Marshalls.  They were told by Marshall that, as he and his wife owned the adjoining property, "they would not trouble them" about the reels.  The plaintiffs from the time they purchased their property in 1927 up to 1941 consented to and acquiesced in the maintenance of the clothes reels by the defendants, but when in 1941 the friendly relations between the parties ceased, the plaintiffs objected to the further maintenance of the reels in their present positions.  The master found that the defendants acted in good faith in extending the reels over the plaintiffs' land; that they honestly thought they had a right to do so from what Marshall had told them; that the plaintiffs have not been damaged by the action of

the defendants; that there was no excuse for the plaintiffs' delay in enforcing their rights; and that the plaintiffs were guilty of laches.

The permission granted the defendants by Marshall to extend the reels over the Marshall land did not give the defendants any easement or other interest in that land. The permission was an oral license revocable at will, which was terminated by the subsequent conveyance of the land by the Marshalls to the plaintiffs. *Cook* v. *Stearns*, 11 Mass. 533, 538. *Nelson* v. *American Telephone & Telegraph Co.* 270 Mass. 471, 479. *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 56. *Supraner* v. *Citizens Savings Bank*, 303 Mass. 460, 466.

Upon the facts found by the master, the maintenance of the reels over the plaintiffs' land for a period of fourteen years did not give the defendants any right by prescription or otherwise in the plaintiffs' property, or prevent the plaintiffs from withdrawing their consent to the future extensions of the reels over their property, or bar them from bringing proceedings to restrain the defendants from continuing from time to time to swing out the reels over the plaintiffs' land. Each extension of the reels over the plaintiffs' land, contrary to their wishes, was an unlawful invasion of the legal rights of the plaintiffs and constituted a separate trespass. *Washburn* v. *Miller*, 117 Mass. 376. *Boston & Maine Railroad* v. *Sullivan*, 177 Mass. 230. *Smith* v. *New England Aircraft Co. Inc.* 270 Mass. 511, 530. *Burnham* v. *Beverly Airways, Inc.* 311 Mass. 628, 636.

The mere delay of the plaintiffs has not resulted in any prejudice or disadvantage to the defendants. The purchase of two new reels in 1929 to replace those which were apparently worn out is too trivial a ground on which to base any claim of prejudice. Moreover, the defendants have for years enjoyed the use of the plaintiffs' land in the maintenance of the clothes reels. The defendants show no right to a continuance of that use against the protest of the plaintiffs. The plaintiffs are seeking the enforcement of a legal and not an equitable right. They are endeavoring to secure adequate protection of legal interests in their land

from the unlawful interference with those interests by the defendants. Mere delay within the period of the statute of limitations does not constitute laches in a proceeding to enforce legal rights. The plaintiffs' exception to the finding of the master that they were guilty of laches was rightly sustained, and the report as so modified was properly confirmed. There was no error in the final decree enjoining the defendants from extending the clothes reels over the land of the plaintiffs. *Moore* v. *Dick,* 187 Mass. 207. *Manning* v. *Woodlawn Cemetery Corp.* 249 Mass. 281, 286. *Cohen* v. *Bailly,* 266 Mass. 39. *Westhampton Reservoir Recreation Corp.* v. *Hodder,* 307 Mass. 288, 290. *Albano* v. *Puopolo,* 309 Mass. 501, 510. *Ferrone* v. *Rossi,* 311 Mass. 591, 595. *Goldstein* v. *Beal,* 317 Mass. 750, 760.

There is nothing in *Ferrone* v. *Rossi,* 311 Mass. 591, that aids the defendants. There a mandatory injunction requiring the defendant to remove a boundary retaining wall which he built at his own expense with the consent of the plaintiff for the benefit of the plaintiff and himself was refused when it appeared that the wall to an extent not disclosed by the record encroached upon the plaintiff's land, which was found to be of little value. See *Gray* v. *Howell,* 292 Mass. 400; *Triulzi* v. *Costa,* 296 Mass. 24. Here we are dealing with successive trespasses and not with a permanent structure which had been placed upon the plaintiffs' land with their consent.

The appeals of the plaintiffs from the interlocutory and final decrees are waived.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*