HAROLD W. SPENCER & another vs. ERNEST F. RABIDOU
& another.

Middlesex.    November 2, 1959. — December 14, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Adverse Possession and Prescription.  Easement.  License.*

Findings by a master in a suit in equity consistent with his conclusion that
use made by the plaintiffs and their predecessors in title of such parts
of a driveway and a garage as were located on land of the defendants
adjoining the plaintiffs' land was by permission of the defendants
amounting to a revocable license did not support a claim to an ease-
ment for such use by prescription.

BILL IN EQUITY, filed in the Superior Court on June 30,
1958.

The suit was heard by *Rome*, J., on a master's report.  The
plaintiffs appealed from an interlocutory decree denying
their motion to recommit to the master and from a final de-
cree dismissing the bill upon confirmation of the report.

*Alfred C. Walton*, for the plaintiffs.

*P. Harold Ready*, for the defendants.

WILLIAMS, J.  The plaintiffs, who are husband and wife,
seek an adjudication of their alleged right to use a driveway
and garage located partly on their land at 845 Boston Road,
Billerica, and partly on the adjoining land of the defendants,
also husband and wife, at 843 Boston Road.  The facts
have been found by a master.  From his report it appears
that the two lots of land are each fifty feet wide and one
hundred feet deep, the plaintiffs' lot being south of that of
the defendants.  The lots were acquired from a common
owner in 1925, lot 843 by the defendant Ernest and lot 845
by his brother Edward.  Each built a house on his lot and
thereafter used the area between the houses for access to his
house.  A few years later Ernest constructed a garage in the
rear of his house and a "hot topped" driveway leading to it.

The driveway was about nine feet wide and two feet of it on the south side were on land of Edward. There was no discussion between the brothers as to "rights" in the driveway and both, with their families, visitors and tradesmen, used it. In 1939 Edward lost his property by foreclosure and on August 11, 1939, it was purchased by one Westberg and his wife. Westberg obtained permission from the defendants to construct a "lean to" attached to the southerly wall of their garage which "lean to" covered six feet of their land and six feet of Westberg's. Westberg used the driveway to the same extent as had Edward and without discussion as to "rights." He reimbursed the defendants for their increased taxes due to the "lean to" on one or more occasions. The plaintiffs acquired title to lot 845 by deed dated November 26, 1952, and have since occupied the house upon it and used the driveway and "lean to" until about June 18, 1958, when further use was forbidden by the defendants.

The master found that "the use made by the plaintiff[s] and . . . [their] predecessors in title in so much of the driveway and 'lean to' garage as was located on the lot owned by the defendants was done so with the express or implied permission of the defendants, that no contracts for the continued use thereof by the owners of the respective lots was entered into, and that at most each party had a revocable license to use a portion of the other's lot for a driveway or any other purpose." He found "that the defendants revoked the plaintiffs' license on June 18, 1958," and found for the defendants.

The master's report was confirmed and the plaintiffs' exceptions to it were overruled by interlocutory decree. The plaintiffs appealed from an order denying a motion to recommit and from a final decree dismissing their bill without costs.

As the evidence is not reported, and the facts found by the master are not, upon the face of the report, mutually inconsistent, contradictory or plainly wrong, they must stand. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. They

support his finding that "the use made by the plaintiff[s] and . . . [their] predecessors in title in so much of the driveway and 'lean to' garage as was located on the lot owned by the defendants was done so with the express or implied permission of the defendants." We understand that the master refers to permission which is more than mere acquiescence (see *MacLeod* v. *Davis*, 290 Mass. 335, 339) and amounts to an implied license. *Kilburn* v. *Adams*, 7 Met. 33, 39. *Prescott* v. *Prescott*, 175 Mass. 64, 66. See *Robert* v. *Perron*, 269 Mass. 537, 541. Permission of this character carries authority to do some act or a series of acts on the land of another without passing any estate in the land and in its nature is revocable. *Cheever* v. *Pearson*, 16 Pick. 266, 273. It rebuts the presumption of adverse use which arises from the unexplained use of an easement for twenty years. See *Truc* v. *Field*, 269 Mass. 524, 528–529; *Tucker* v. *Poch*, 321 Mass. 321, 324; *Davenport* v. *Danvers*, 336 Mass. 106, 112; *American Oil Co.* v. *Alexanderian*, 338 Mass. 112, 115. No error appears in the denial of the motion to recommit.

*Interlocutory and final decrees affirmed.*