CAMPO CORPORATION & others *vs.* CITY OF LAWRENCE & others.   June 14, 1972.   In their bill, the plaintiff Campo Corporaticn and the two individual plaintiffs as majority and minority stockholders allege a conspiracy by the defendants (the city of Lawrence, its mayor, and treasurer) to destroy the value of the corporation's property (land and a motion picture theatre) and of a lease thereof to a third party. It was further alleged that the conspiracy was consummated by certain actions designed to create a belief that the city intended to take the property by eminent domain.   The case was referred to a master who found as follows: that the movie theatre closed in 1954; that the property "fell gradually into a state of disrepair and by 1964 was in an advanced state of dilapidation; that the corporation was in arrears in taxes beginning in 1951; that the property was subject to a final decree in a tax lien case whereby the right of redemption was permanently foreclosed; that the lease "was intended solely as a devise to artificially create a non existing value for use . . . in . . . anticipated dealings with the defendant City"; that negotiations were terminated "as a result of the great difference between the appraisal figures and the asking price"; and that the plaintiff corporation continually tried to convince the city council to take the land by eminent domain.   The master concluded that "there was absolutely no impropriety nor misconduct of any kind or degree in the actions of the . . . City Council or of any of its individual members . . . [and] that in all actions concerning the . . . property the . . . Mayor . . . acted with propriety and in actions concerning the . . . property the . . . Mayor . . . acted with propriety and in accordance with the duties and responsibilities of . . . [his] office."   The master's report was confirmed by the Superior Court judge, and a final decree was entered dismissing the bill.   Where all the evidence on which the master made his findings is not reported, the findings must stand unless "mutually inconsistent, contradictory or plainly wrong." *Spencer* v. *Rabidou*, 340 Mass. 91, 92.   On this record consisting only of exhibits with no transcript of the oral evidence heard by the master, we cannot say that his findings were inconsistent or contradictory, much less plainly wrong.

*Final decree affirmed with costs of appeal.*

*Jean C. Campopiano* for the Campo Corporation.
*Michael J. Batal, Sr.*, City Solicitor, for the defendants.