Fremont-Smith, J.
This matter arises out of a dispute between adjoining landowners in Newton, Massachusetts, regarding the use of a driveway and a retaining wall. The plaintiffs are David and Diane Feinzig (“Feinzigs”), former owners of one of the adjoining lots, and Paul and Gail Harris, the present owners of that lot. The defendant is the owner of the other adjoining lot, who objects to Mr. and Mrs. Harris’s continued use of a portion of the wall and driveway which encroaches on Ficksman’s property.
The case was heard jury-waived on March 23-25, 1994. Based upon all of the testimony and exhibits and upon the Court’s view of the locus of the dispute, the Court makes the following findings and rulings:
FACTS
The Feinzigs and Ficksmans were neighbors since 1964, living at 17 East Boulevard Road and 25 East Boulevard Road, respectively. At all relevant times both properties have been registered land. In early 1978, the Feinzigs sought to purchase a 195-square-foot portion of the Ficksman property on which the Feinzigs’ driveway and retaining wall encroached, [1] with a view to repairing them. The retaining wall, which had been present when they purchased the property, was, by 1978, in a state of collapse, whereas the encroaching portion of driveway had always been used by them to turn into and out of their garage. In discussing how to solve the problem, Max Ficksman agreed to deed the encroached portion to the Feinzigs. After he had prepared and signed a deed, however, he informed the Feinzigs that his wife, Rodelyn Ficksman, was not willing to convey the land. Instead, Mrs. Ficksman told Mr. Feinzig that the Feinzigs could always use the driveway and retaining wall if they would repair them. In reliance thereon, the Feinzigs, in 1981, rebuilt the retaining wall as a permanent concrete and stone structure and repaired the asphalt driveway, at considerable expense. They continued to use the portion of the driveway on the Ficksmans’ property to turn and enter their existing garage. At no time did Mrs. Ficksman advise the Feinzigs that the structures would have to be torn up or removed upon the sale of Feinzigs’ property.
In June 1992, the Feinzigs entered into a purchase and sale agreement to convey their property to Mr. and Mrs. Harris, with the closing scheduled for August 20, 1992. One week before the closing, Mrs. Ficksman *99 (whose husband was by then deceased) learned of the proposed sale and told the Feinzigs that she wanted to address the matter of the driveway and retaining wall. After various communications between the Ficksmans and the Feinzigs, relations soured. On August 19, 1992, Mrs. Ficksman hand-delivered a letter to the Feinzigs notifying them that if they did not remove the encroaching portions of the retaining wall and driveway within twenty-four hours, she would have it done at their expense.[2] The next day, workmen with drills began tearing down the retaining wall and digging up the encroaching portion of the asphalt driveway.
Mr. Harris physically prevented this, and the Feinzigs and Mrs. & Mrs. Harris brought this action. After hearing, this Court (Bohn, J.) issued a preliminary injunction prohibiting Mrs. Ficksman from proceeding with the destruction and removal of the portion of the retaining wall and driveway which encroached on her property. Ficksman counter-claimed to enjoin the alleged continuing trespass on her property and for damages.[3]
It is clear from the evidence, and the Court finds, that the driveway encroachment is necessary to allow access and egress to and from the Feinzig garage,[4] and that the retaining wall is necessary to provide lateral support to prevent erosion and earth and rocks sliding onto both properties. I credit the plaintiffs’ expert, Allan Morrison, a civil engineer experienced in the building and maintenance of retention walls, who testified that Ficksman’s removal of that portion of the wall which is on her property has weakened and undermined the remainder of the retaining wall, and caused a heightened probability of erosion and of earth slides. He concluded, based on mathematical engineering calculations which I accept, that the wall was rendered unstable by Ficksman’s actions, and must be restored if lateral support is to be maintained and erosion is to be prevented.
CONCLUSIONS
Except for Ferrone v. Ross, 311 Mass. 591 (1942), this case would be governed by the general rule that when a landowner grants permission to another to do some act, or series of acts, on his or her land, a license is created that is revocable at the will of the landowner. Spencer v. Rabidou, 340 Mass. 91, 93 (1959); Baseball Publishing Co. v. Bruton, 302 Mass. 54, 57 (1938), see Scioscia v. Iovieno, 318 Mass. 601 (1945). A proscriptive easement, moreover, cannot be established on registered land. M.G.L.c. 185, §53. Under the Spencer line, Ficksman gave Feinzig a revocable license which Ficksman could lawfully revoke in August of 1992.
In Ferrone, supra, the plaintiff sought an injunction requiring the defendant to remove an encroaching concrete wall which had been built several years before without any objection from the plaintiff. The court recognized “the general rule in this Commonwealth that the owner of land is entitled to a mandatory injunction to require the removal of buildings and structures that have been unlawfully placed upon his land, and the fact that the plaintiff has suffered little or no damage on account of the offending buildings or structures, or that the wrongdoer was acting in good faith, or that the cost of removing the building or structure will be greatly disproportionate to the benefit to the plaintiff resulting from their removal is ordinarily no bar to the granting of injunctive relief.” Id. at 593.
The Court, however, then went on to find, notwithstanding that registered land was involved, that “[t]he rule does not apply in those exceptional cases where the substantial rights of the landowner may be properly safeguarded without recourse to an injunction which in such cases would operate oppressively and inequitably.” Id. In finding that injunctive relief was not appropriate, the Court relied on the trial court’s finding that the land in dispute was of little or no value to the plaintiff, whereas the wall was necessary to prevent erosion on defendant’s property, id. at 592, 594-95.
The Ferrone Court, moreover, cited with approval Gray v. Howell, 292 Mass. 400 (1935), where the Court held that a defendant should not be ordered, at great expense to himself and with small benefit to the plaintiff, to remove a house and garage which encroached upon the plaintiffs right of way. While recognizing “the general rule that equity will compel by mandatory injunction the removal of structures which unlawfully encroach upon land of another,” the Court in Gray went on to hold that “the rule has never been regarded as absolutely inflexible. It does not require the court to inflict unnecessary and unconscionable injury and loss upon a defendant who, without wrongful intent, is unfortunate enough to discover that his building is a little over his neighbor’s line, if the substantial rights of the plaintiff can be fully protected without doing so." Id. 403. The Court held that plaintiff could be “readily compensated in damages” for the encroachment, whereas to “restore things as they were before the acts complained of would subject the other party to great inconvenience and cost.” Id. See also: Ottavia v. Savarese, 338 Mass. 330, 336 (1959), where the Supreme Judicial Court recognized that, in situations where injunctive relief requiring the removal of encroachments on a person’s land would be “oppressive and inequitable,” the landowner will be relegated “to his remedy of damages.”
Here, the driveway and wall have been in existence for decades, and were repaired as permanent structures in 1978 with the Ficksmans’ blessing. Ficksman’s portion of the wall, moreover, is necessary for lateral support for the remaining portion of the wall on Mr. and Ms. Harris’s property, whereas *100 the use of the encroaching part of the driveway is necessary for access to their garage. The encroachment on this approximately 195 square feet of Ficksman’s property, out of Ficksman’s total property area of 15,622 square feet, is trivial and de minimus, and no evidence was introduced that it has caused any loss of value to her property. On the contrary, as noted above, Mr. and Mrs. Harris's zoning application to build a large new garage on their own property (which would become their only alternative for a garage if access to their present garage is prevented) was opposed by Ficksman on the grounds that this would constitute a serious detriment to the neighborhood, with resultant diminution in the value of her home. The construction of a new garage by the Feinzigs, moreover, (which would become necessary were they to be prevented from having access to their existing garage) would cost the Feinzigs upwards of $13,000, with no tangible benefit to, but rather an admitted detriment to, Ficksman.
In these circumstances, the Court rules that the issuance of an injunction against the encroachments is not warranted, and that Mr. and Mrs. Harris should be permitted to repair, at their own expense, the damage to the wall and driveway caused by Ficksman’s resort to “self-help.”
It has been suggested that, while equitable considerations may be considered by the Court as a “shield” to bar the Court’s issuance of an injunction in favor of Ficksman against Mr. and Mrs. Harris’s maintenance of encroachments on her land, equitable considerations cannot be used as a “sword” to justify an injunction against Ficksman’s resort to “self-help” in removing the encroachments or putting up a fence. There is nothing in the above-cited decisions of the Supreme Judicial Court, however, which would require this Court to permit the same inequitable result to be achieved by “self-help” as cannot be achieved by an injunction in favor of the landowner. On the contrary, the Supreme Judicial Court decisions explicitly recognize that, in such situations, the landowner is relegated to her remedy of damages, if any, resulting from the encroachment. See, for instance, Ottavia v. Savarese, 338 Mass. 330, 336 (1959), and Peters v. Archambault, 361 Mass. 91 (1972), where the Court, discussing an encroachment on registered land, nevertheless recognized that:
where the unlawful encroachment has been made innocently, and the cost of removal by the defendant would be greatly disproportionate to the injury to the plaintiff from its continuation, or where the substantial rights of the owner may be protected without recourse to an injunction, or where an injunction would be oppressive and inequitable, courts of equity have refused to grant a mandatory injunction and have left the plaintiff to his remedy of damages.
Id., 93. (Emphasis added).[5]
Most recently, this principle was recognized by the Supreme Judicial Court in Strauss v. Oyster River Condominium Trust (slip opinion, April 8, 1994), where the Court upheld the denial of an injunction against a continuing encroachment in similar circumstances, and recognized that in such circumstances “equitable relief has been denied and the plaintiff left to a remedy of damages.” (Id. slip op. p. 12.)
It is clear then, that in the circumstances here, Ficksman cannot resort to self-help to remove the encroachments or construct a wall to prevent use of the encroached portion of the driveway, but is “relegated to her remedy of damages.” Since she offered no evidence of diminution of property value due to the encroachments, the Court can award only nominal damages for so much of the past use which was unauthorized, and for the future, continued encroachments on the disputed portion of her property.
JUDGMENT
Judgment is hereby entered for the plaintiffs David and Diane Feinzig and Paul and Gall Harris on their complaint. Rodelyn Ficksman and all persons acting in concert with her, or on her behalf, are hereby permanently enjoined from destroying or removing any portion of the retaining wall or driveway at issue in this case, from interfering with the repair by Mr. and Mrs. Harris, at their own expense, of the driveway and wall, or interfering, by construction of a fence or otherwise, with their continued use of same. Judgment is hereby entered for the defendant Rodelyn Ficksman on her counterclaim in the sum of $1,000 (one thousand dollars) nominal damages, and the counterclaim is otherwise dismissed with prejudice.

 At a view, the Court observed Mr. Feinzig drive into and out of his garage, which requires a turn necessitating the use of a small portion of the driveway which encroaches on defendant’s land.

 The letter, dated August 17, 1992, concluded: “You have twenty-four hours to remove the driveway and portion of the retaining wall that are on our land. If you do not do so, we will have it removed at your expense and will immediately be putting up a fence. Sincerely, Mrs. Rodelyn Ficksman.”

 Another count of the counterclaim, for intentional infliction of emotional distress, was waived at trial.

 Although Ficksman contends she is entitled to put a fence along her property line and thereby prevent Mr. and Mrs. Harris access to their garage, she also opposed Harris’ December 1992 application for a variance to permit construction of a new garage on their own property, which would not have required any encroachment. At the Zoning Board hearing, Ficksman contended that “the petitioner created his own hardship and that a 36.9’ long garage would create a substantial detriment to the future public good.”

 In the particular circumstances in Archambault, where, unlike this case, there was no evidence of permission for the encroachment by the owners, no evidence of delay in complaining about it, and the encroachment was not de minimus but comprised nine percent of plaintiffs lot, the Court did enjoin the continuation of the encroachment.