Tucker, Richard T., J.
This dispute arose from defendant Robert J. Correia’s operation of his motorboat on Sunset Lake. The plaintiff, Far Hills Association, Inc. (the “Association”) asserts that the engine on Correia’s boat violates the Association’s rules for boating activities on the lake. The Association’s complaint raises claims against Correia for trespass (Count I) and injunctive relief (Count II). In his responsive pleading, Correia asserts a counterclaim against the Association for a declaratory judgment that he holds title to a section of Sunset Lake and that the Association owns only limited portions of the lake. This matter is before the court on the parties’ cross motions for summary judgment. For the reasons explained below, Correia’s motion for summary judgment is DENIED, and the Association’s motion for summary judgment is ALLOWED.
BACKGROUND
Far Hills Association is a homeowners association that owns real estate within the Far Hills subdivision in Ashbumham, Massachusetts, which is depicted on a plan of land recorded in the Worcester Northern Registry of Deeds. Correia owns real estate that is identified as Lot 324 of the subdivision. His property abuts Sunset Lake.
Correia owns a motorboat that he operates on Sunset Lake. His boat is equipped with a 150-horse-power outboard motor. Correia maintains, however, that the engine’s maximum horsepower has been “turned down” to a setting of 90 horsepower. (Correia Aff. dated Aug. 28, 2009, pars. 3, 4.)
One of the duties of the Association is “(t]o establish and enforce rules and regulations to promote the health, safely, and welfare of all member/owners of Lots in Sunset Lake Subdivision ...” (Declaration of Covenants, Covenant Article 111(4).) Pursuant to its By-Laws, the Association’s Board of Directors is authorized to “draw up all Rules and Regulations for the governing of the membership” in the Association. (By-Law Article V, §A.) In the event that a member fails to comply with the rules, the Board of Directors may deny privileges to the offending member. (By-Law Article V, §B.)
The Association’s rules governing boating activities restrict the horsepower of boats used on Sunset Lake. The rule at issue provides:
[B]oats are to be restricted to [90] Horsepower or less. The absolute maximum engine power allowed on a boat is [90] hp. There will be no exceptions. No modifications to engine power rating, no changing manufacturers’ specifications, will be permitted.[1]
Despite the Association’s notice that his boat did not comply with the above rule, Correia has continued to operate his boat on the lake.
DISCUSSION
The central issue framed by the parties is whether the Association owns Sunset Lake, and is therefore entitled to regulate its use. The Association argues that it does, citing a recent decision of the Appeals Court in a case between the Association and another property owner in the Far Hills subdivision, in which the Appeals Court held that the Association owns the lake and its lake bed. Far Hills Ass’n, Inc. v. Cerasuolo, 68 Mass.App.Ct. 1120, 2007 WL 1343203, at *1 (2007) (memorandum and order pursuant to rule 1:28). Correia argues that G.L.c. 183, §58, limits the Association’s ownership, and grants him a partial ownership interest in the lake. As Correia correctly notes, the Appeals Court declined to reach this issue in Cerasuolo because the property owner in that case did not own land that abutted the lake and therefore could not have obtained title to a portion of the lake pursuant to G.L.c. 183, §58.
General Laws c. 183, §58, provides, in full:
Eveiy instrument passing title to real estate abutting a way, whether public or private, watercourse, wall, fence or other similar linear monument, shall be construed to include any fee interest of the grantor in such way, watercourse or monument, unless (a) the grantor retains other real estate *382 abutting such way, watercourse or monument, in which case, (i) if the retained real estate is on the same side, the division line between the land granted and the land retained shall be continued into such way, watercourse or monument as far as the grantor owns, or (ii) if the retained real estate is on the other side of such way, watercourse or monument between the division lines extended, the title conveyed shall be to the center line of such way, watercourse or monument as far as the grantor owns, or (b) the instrument evidences a different intent by an express exception or reservation and not alone by bounding by a side line.
To determine the parties’ respective ownership interests in Sunset Lake, if any, requires a determination of the rights held by their predecessors-in-interest. In this case, both parties’ titles can be traced back to the developer of the Far Hills subdivision, Sunset Lake Development Corp. (the “developer”). It appears undisputed in this case that the developer obtained ownership of the lake and its lake bed by deed dated July 24, 1963. (Parties’ Concise Statement of Material Facts par. 25; Def.’s Resp. to Pl.’s Statement of Additional Undisputed Material Facts.)
On December 29, 1967, the developer conveyed eighteen enumerated parcels of property to the Association. Expressly included in this conveyance were “all water rights in Sunset Lake, together with lands lying beneath said Sunset Lake and all roads, easements, licenses and rights-of-way to which the Grantor has any right, title or interest, in Winchendon or Ashbumham, Massachusetts.” Title to Sunset Lake therefore passed to the Association on the date of this conveyance.[2]
By deed dated January 21, 1969, the developer conveyed Lot 324 of the subdivision to Correia’s predecessor-in-interest, Helen G. Kane.[3] The developer’s conveyance of the lake to the Association therefore predated its conveyance of Lot 324 to Kane by more than one year. In consequence, the developer did not have any remaining interest in or title to Sunset Lake or its lake bed that could have been transferred to Correia by operation of G.L.c. 183, §58. Stated differently, the deed from the developer to Kane (the property of which eventually passed to the Correias) cannot possibly be construed to include an interest in Sunset Lake because the developer no longer had any interest in the lake at the time of the conveyance.[4]
As the owner of Sunset Lake, the Association is entitled to dictate the terms of its use. Aside from contesting ownership of the lake, Correia has not presented any argument concerning the legitimacy of the Association’s rules governing the use of its property, which in any event appear to have been lawfully promulgated in accordance with the Association’s Articles of Organization and By-Laws. There can be no dispute that Correia’s 150-horsepower motor on his boat violates the Association’s boating rules for Sunset Lake. The fact that Correia may have been able to adjust the engine to reduce its effective power rating does not bring it into compliance with the Association’s rules, as the rules impose a strict horsepower limitation and expressly prohibit engine modifications in circumvention of the maximum 90-horsepower rating.
Correia’s unauthorized operation of his motorboat on the Association’s property constitutes a trespass for which the Association is entitled to relief. See, e.g., Scioscia v. lovieno, 318 Mass. 601, 603 (1945) (trespass resulting from continued use of property after revocation of permission). Accordingly, the court will enter judgment in favor of the Association on Count I of its complaint. In addition, the court will enter an order enjoining Correia from continuing to use or store a boat on the lake that does not comply with the Association’s rules and regulations. See id. at 604 (finding no error in enjoining trespass over plaintiffs land); Amaral v. Cuppels, 64 Mass.App.Ct. 85, 93 (2005) (ordering court to enjoin continuing trespass onto plaintiffs land).
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be DENIED and the plaintiffs motion for summary judgment be ALLOWED. Summary judgment shall enter in favor of the plaintiff on Count I of its complaint. The defendant’s counterclaim is DISMISSED. The defendant is hereby ENJOINED from keeping, storing, or operating any boat on Sunset Lake that does not comply with the Association’s rules and regulations.

 A rule change dated August 13, 2005, increased the horsepower limit from 70 to 90.

 This conclusion is consistent with the Appeals Court’s interpretation of the Association’s record title interest in Sunset Lake in the Cerasuolo case, which this court finds instructive regardless of whether the doctrine of collateral estoppel bars relitigation of this issue in this case.

 Title to Lot 324 passed from Kane to James W. Fiore, then to Robert Meehan and Bmce David as tenants in common, and then to Correia and his wife as tenants by the entirety. The Correias then passed the property in and out of a trust on a number of occasions. The Correias have owned the property in their individual capacity, as tenants by the entirety, since June 2003.

 It bears noting that Correia did not dispute the Association’s factual assertions concerning each party’s chain-of-title tracing back to the developer (or beyond), and the court’s independent review of the title documents in the summary judgment record finds support for the Association’s assertions regarding the chronology of title transfers to Sunset Lake and to Lot 324.