CASTILLA vs. SELANDER, MISC 20-000066

































 
 EMILIO CASTILLA, MARKUS HAUSER and FRANK VLEUGELS AS TRUSTEES OF THE 2 UNION PARK STREET CONDOMINIUM TRUST, Plaintiffs/Defendants-in-Counterclaim, v. RUSSELL SELANDER and COLLEEN SELANDER, Defendants/Plaintiffs-in-Counterclaim, v. EMILIO CASTILLA, MARKUS HAUSER and FRANK VLEUGELS, individually, Third-Party Defendants
 MISC 20-000066 
 SEPTEMBER 16, 2021
SUFFOLK, ss.
SMITH, J.
DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT














 This is an action brought by the Trustees of the 2 Union Park Street Condominium Trust to compel the Defendants, Russell and Colleen Selander (the "Selanders"), owners of Unit 1 in the condominium, to restore their unit to its original configuration after it was changed by a previous owner to incorporate a portion of the common area of the condominium. The Trustees are also unit owners in the condominium and are named, individually, as defendants in the third party complaint filed by the Selanders. 





 The matter came before the court on the Trustees' Motion for Summary Judgment on all counts of their Verified Complaint and on Count III of the Selanders' counterclaim. [Note 1] For the reasons set forth in this decision, the Trustees' motion is denied because there are disputes of material fact that preclude the entry of summary judgment. 





Background 





 The 2 Union Park Street Condominium is a 4-unit condominium that was created in 2001 with the filing of a master deed and the condominium site plan and unit plans. Verified Complaint, ¶5. Unit 1 is the largest of the 4 units and occupies 2 floors - the first floor and what is referred to in the record plans as the "lower level." According to the master deed, there is appurtenant to Unit 1 "the exclusive right and easement to use the rear yard, front yard, and inner unit hallway leading to the mechanical room." Exh. B to Verified Complaint, master deed, ¶8. The inner unit hallway is on the lower level, is approximately 3 feet, 3 inches wide, and runs the distance of approximately 33 feet, 6 inches from the front of the condominium building to a door that opens to the rear yard. Exh. D to Verified Complaint. The inner unit hallway is also defined by the master deed as part of the common area of the condominium. Verified Complaint, ¶6. 





 At some point after the condominium was created, a previous owner of Unit 1 expanded the unit to incorporate the rear portion of the inner unit hallway thereby cutting off passage along the hallway to the rear yard. Verified Complaint, ¶15. Other work was done on the lower level of Unit 1 that resulted in the reconfiguration of the common mechanical room. Based on the summary judgment record, it is unclear when this work was undertaken or who performed it. However, the condominium plans on record at the Suffolk Registry of Deeds were not amended to reflect the changes to Unit 1 and the mechanical room, nor is there evidence that these changes were approved by the other unit owners at the time they were made. 





 In 2014, the Selanders purchased Unit 1. It seems clear that the Selanders took title to the unit without actual knowledge that it had been expanded to incorporate portions of the hallway and the mechanical room. In 2019, as the Selanders prepared to market Unit 1 for sale, they discovered that the actual layout of Unit 1 was inconsistent with the record condominium plans. Approximately 18-20 feet of the rear portion of the inner unit hallway had been incorporated into one of the bathrooms on the lower level and the shape of the mechanical room had been modified from a rhombus-like configuration to a rectangular configuration. 





 The Selanders informed the Trustees of the discrepancy between the condominium plans and the actual layout of Unit 1. In response, the Trustees demanded that the Selanders restore Unit 1 and the mechanical room to their original configurations on the grounds that the changes to both areas had been undertaken without the unanimous consent of the other unit owners at the time. The Selanders refused the Trustees' demand and this lawsuit ensued. 





 The Trustees now seek an order on summary judgment that compels the Selanders to restore Unit 1 to its original configuration based on the so-called "unanimous consent rule" which provides that no part of any common area in a condominium may be incorporated into a unit without the unanimous consent of the other unit owners. The Selanders counter that the unanimous consent rule should not be strictly construed to mandate the restoration of Unit 1 to its original configuration because that remedy would be inequitable to them as they did not create the encroachments, the encroachments are de minimus, and the cost to restore the areas will be extraordinary when compared to the absence of injury to the other unit owners caused by the encroachments. 





Standard of Review 





 Summary judgment is appropriate where there are no issues of genuine material fact and the moving party is entitled to judgment as a matter of law. Hakim v. Massachusetts Insurers' Insolvency Fund, 424 Mass. 275 , 283 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706 , 711 (1991). In determining whether genuine issues of fact exist, the court must draw all inferences from the underlying facts in the light most favorable to the party opposing the summary judgment motion. White v. Univ. of Mass. at Boston, 410 Mass. 553 , 556-557 (1991). To prevail, the moving party must affirmatively demonstrate that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14 , 17 (1989). 





The Unanimous Consent Rule 





 Under Massachusetts condominium law, it is unlawful for a unit owner to expand his or her unit to incorporate a part of the common area of the condominium without the unanimous consent of the remaining unit owners in the condominium. G.L. c.183A, §5(b)(1); Strauss v. Oyster River Condominium Trust, 417 Mass. 442 , 445 (1994). This principle applies even where the common area in question is dedicated to the exclusive use of the encroaching unit owner by the master deed. Calvao v. Raspallo, 92 Mass. App. Ct. 350 , 352-353 (2017). As a general rule, the appropriate remedy for such an encroachment is to compel removal of the structure that encroaches into the common area even if the encroachment was unintentional and the cost to remove it is substantial in comparison to any injury suffered by the other unit owners. Xifaras v. Andrade, 59 Mass. App. Ct. 789 , 794-795 (2003); see generally Peters v. Archambault, 361 Mass. 91 , 92 (1972); Calvao, 92 Mass.App.Ct. at 353. Only in the rarest of circumstances should a court decline to order the encroaching structure be removed. Strauss, 417 Mass. at 451-452; Peters, 361 Mass. at 93. Those rare circumstances exist "where the unlawful encroachment has been made innocently, and the cost of removal by the defendant would be greatly disproportionate to the injury to the plaintiff from its continuation, or where the substantial rights of the owner may be protected without recourse to an injunction, or where an injunction would be oppressive and inequitable." Peters, 361 Mass. at 93. 





 In this case, it is undisputed at this early stage that a previous owner of Unit 1 expanded the unit into the common area in violation of the unanimous consent rule. [Note 2] The Trustees argue that the encroachments into the common area are substantial and, therefore, the only appropriate remedy is for the Selanders to restore Unit 1 and the mechanical room to their original configurations. They assert that this is not one of the rare circumstances where the forced restoration of the unit is so inequitable that the court should decline to order removal of the encroachment in favor of another remedy that is fair to all parties. 





 The Selanders argue that they are innocent owners who acquired Unit 1 with the changes already in place. The changes incorporated common area on the lower level of the condominium building that is reserved for the exclusive use of the Unit 1 owners. That area, which is described in the record as being the rear 18-20 feet of the inner hallway, is estimated to be approximately 60 to 70 square feet in building area. The remaining front portion of the hallway still provides access to the mechanical room which is common to all units and contains the mechanical equipment that services each unit. There is also evidence that certain mechanical equipment that services some or all the units has been installed outside the mechanical room in the inner hallway which, it appears, may be contrary to the master deed. The Selanders have suggested that some or all of the other unit owners knew of the modifications to the mechanical room when those modifications were made. Finally, there is evidence that the work necessary to restore the area to its original configuration will require demolition of parts of Unit 1 and may impact Unit 2. It will also require significant work in the mechanical room to reconfigure and, perhaps, reroute some of the mechanical equipment that has been changed and upgraded over the years since the condominium was created in 2001. The cost estimates provided by the Selanders indicate that the cost of this work could range from $170,600.00 to over $200,000.00. 





 The Trustees dispute the Selanders' contention that the restoration will cost in the range of $170,600.00 or that the project is inordinately complex. They also dispute that the Selanders acquired Unit 1 without knowledge, actual or constructive, of the encroaching elements. Fundamentally, however, the Trustees argue that most of these facts do not matter. They contend that the general rule should be applied, that the court should exercise its equitable power, without a trial, and order the restoration of Unit 1 without regard to the unquestionable hardship such an order will cause for the Selanders. 





 Whether this case involves the exceptional circumstances that would justify a denial of the Trustees' request for removal of the encroaching portions of Unit 1 cannot be determined based on the factual record developed so far. While the appellate courts have set a high bar for an encroaching party to prove that the forced restoration of an encroaching building is inequitable and, therefore, an inappropriate remedy, they still recognize that exceptional circumstances may exist depending on the facts of each case. "The [general] rule does not apply in those exceptional cases where the substantial rights of the landowner may be properly safeguarded without recourse to an injunction which in such cases would operate oppressively and inequitably." Ferrone v. Rossi, 311 Mass. 591 , 593 (1942); see Strauss, 417 Mass. at 451- 452. 





 Before I order the destruction of the offending areas of Unit 1, which have little, if any, practical impact on the other unit owners, a full factual record must be developed through the adversarial process of a trial. The forced restoration of Unit 1 may be the appropriate remedy despite the hardship to the Selanders. However, at this early stage of the case and based on the disputed facts in the summary judgment record, I cannot conclude that the Trustees are entitled to the remedy of the forced reconstruction of Unit 1 as a matter of law. 





Conclusion 





 For the foregoing reasons, the Trustees' Motion for Summary Judgment is DENIED. 





So Ordered. 





FOOTNOTES
[Note 1] Count I of the Verified Complaint asserts a claim for declaratory relief that the Selanders are not entitled to incorporate a portion of the common area into Unit 1. Count II seeks injunctive relief in the form of the Selanders being compelled to restore Unit 1 to its original configuration. Count III asserts a claim for trespass. Count III of the Selanders' counterclaim seeks an order requiring the Trustees to cooperate with them in amending the master deed to resolve the problem created by the expansion of Unit 1 into the common area. 

[Note 2] I note that the parties have not engaged in discovery, so this conclusion is based solely on the summary judgment record before me and is not intended to be a final conclusion. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.